IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00868-MSK-MEH

SHANE RANDY WATSON,

    Plaintiff,

v.

DR. CALVIN POLLAND,
WARDEN H. A. RIOS, JR.,
FEDERAL BUREAU OF PRISONS, and
NATIONAL DESIGNATION OFFICER, Federal Bureau of Prisons and/or Regional Designation Officer,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

Pending before the Court is Defendants' Motion to Stay Discovery [filed December 3, 2007; doc #35]. The matter is briefed and has been referred to this Court for disposition [doc #36]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, Defendants' Motion to Stay Discovery is **granted**.

### I. Background

Plaintiff instituted this action on April 27, 2007 [doc #3]. In essence, Plaintiff alleges that Defendants failed to provide and/or insure certain medical treatment for his chronic liver disease. *See id.* On November 16, 2007, Defendants responded to the Complaint by filing a Motion to Dismiss. *See* doc #28. Thereafter, on December 3, 2007, Defendants filed the within Motion to Stay Discovery, alleging that until the question of whether they are entitled to qualified immunity is ruled on by the court, "discovery should not be allowed." *See* doc #35 at 2. Plaintiff responded to the

within Motion to Stay with a form stating that he was opposed to the Motion, but he provided no reason or support for his position. *See* doc #41.

**II. Discussion**

The Supreme Court has emphasized the broad protection qualified immunity affords, giving officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.' " *Behrens v. Pelletier,* 516 U.S. 299, 308 (1996) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)); *see also Crawford-El v. Britton,* 523 U.S. 574, 598 (1998). Consequently, courts should resolve the purely legal question raised by a qualified immunity defense at the earliest possible stage in litigation. *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir.1995); *see also Medina v. Cram,* 252 F.3d 1124, 1127-28 (10th Cir.2001).

In this case, Defendants filed a Motion to Dismiss the claims set forth in Plaintiff's Complaint alleging, among other defenses, that they enjoy qualified immunity from Plaintiff's claims.

The Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *See Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). Because Defendants' renewed Motion to Dismiss raises a legal question of this Court's jurisdiction over the subject matter of the dispute, the question should be resolved as early as possible in the litigation. *See Albright,* 51 F.3d at 1534. Consequently, the Court will grant the stay as to all discovery in this matter pending the disposition of the Motion to Dismiss filed by Defendants.

**III. Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion to Stay Discovery [filed December 3, 2007; doc #35] is **granted**. All discovery is hereby stayed in this case pending the District Court's ruling on Defendants' Motion to Dismiss. The parties are

directed to submit a status report within five days of the entry of any order adjudicating the pending motion to dismiss.

Dated at Denver, Colorado, this 19th day of December, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge