IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00868-MSK-KMT

SHANE RANDY WATSON,

        Plaintiff,

v.

DR. CALVIN POLLAND,[1]
WARDEN H.A. RIOS, JR.,
FEDERAL BUREAU OF PRISONS, and
NATIONAL DESIGNATION OFFICER, Federal Bureau of Prisons and or
  Regional Designation Officer,

        Defendants.

---

## OPINION AND ORDER - MOTION TO DISMISS

---

**THIS MATTER** comes before the Court pursuant to Defendant Rios' Motion to Dismiss

---

[1]The Court's docketing system contains an entry dated May 23, 2007 that purports to terminate Defendant Polland as a party in this case pursuant to the Plaintiff's Complaint (**# 5**). It is not clear what prompted this action, but it was clearly in error.

As a result of this action, it does not appear that the U.S. Marshal effected service with regard to Defendant Polland. *See Docket* # 14 (order granting service by U.S. Marshal with no process receipt and return addressed to Defendant Polland). The lack of service upon Defendant Polland affects whether the Court can exercise personal jurisdiction over him. The record on this point is unclear. On October 17, 2007, the United States Attorney apparently entered an appearance on behalf of Defendant Polland, identifying him as a movant on the Defendants' Motion for Extension of Time to Respond (**# 24**) to the Complaint. However, the instant Motion to Dismiss by Defendant Rios (**# 28**) expressly notes that "No other individually named defendants appear here for any purpose," which most certainly is an effort to preserve any jurisdictional objection on behalf of Defendant Polland.

To avoid any further confusion, the Court *sua sponte* extends the deadline under Fed. R. Civ. P. 4(m) to effect service on Defendant Polland, and direct that within 30 days of the date of this Order, the U.S. Marshal attempt to effect service on Defendant Polland at the address given in the Plaintiff's Complaint. The Clerk of the Court shall modify the docket to indicate that Defendant Polland remains a party to this action.

**(# 28)**.  The Plaintiff did not file a timely response, but has separately moved "For Leave to Proceed With Belated Response" **(# 57)**.

## FACTS

According to the *pro se* Complaint **(# 5)**, the Plaintiff is an inmate in the custody of the Federal Bureau of Prisons.  He contends that he has chronic liver disease – namely, "cirrhosis of the liver and Hepatitis C, Grade 3 liver fibrosis and stage 4 inflamation" – requiring specialized treatment.  He alleges that Defendant Pollard "negligently and fraudulently, with deliberate intent to harm the Plaintiff" advised a court that the Plaintiff is "disqualified" from receiving the treatment based on his prior medical history (a history that the Plaintiff contends is inaccurate, at least in part).  The Plaintiff contends that Defendant Polland "failed to consult with any specialist" before making this representation.  He states that Defendant Polland's actions have caused him to suffer irreversible damage to his liver.

With regard to Defendant Rios, the Warden of the facility where the Plaintiff was housed, the Plaintiff contends that Defendant Rios "was in a supervisory position over Dr. Polland" when the events occurred.  The Plaintiff alleges that Defendant Rios "had knowledge of [his] medical condition," and that he "negligently, maliciously, and vindictively" denied the Plaintiff's requested treatment, failed to arrange for another doctor to treat him, and did not arrange a transfer of the Plaintiff to another prison.  In addition, the Plaintiff makes allegations against "whoever made the [ ] designation of [the Plaintiff] to U.S. Penitentiary Florence instead of a medical facility was grossly negligent."  The Plaintiff requests $8 million from Defendant Polland in damages, $1 million from Defendant Rios, and $1 million in damages from "the National Designator."

On November 16, 2007, Defendant Rios moved to dismiss **(# 28)** the claims against him,

arguing: (i) that the Court lacks subject matter jurisdiction over any official capacity claims in this case[2]; (ii) that the Plaintiff fails to adequately allege an 8th Amendment claim against Defendant Rios, because the Complaint asserts only negligence; (iii) that a claim founded on Defendant's Rios' supervisory liability for Defendant Polland is inappropriate and the Plaintiff has not alleged any personal participation by Defendant Rios in any medical decision; and (iv) that Defendant Rios is entitled to qualified immunity, as the Plaintiff is unable to state a constitutional claim.

The Plaintiff did not timely respond to Defendant Rios' motion. On June 2, 2008, the Plaintiff filed a "Motion for Leave to Proceed With Belated Response" **(# 57)**, in which he explained that: (i) the Plaintiff relies on other inmates to help him with legal matters and "has had a lot of trouble finding people to assist"; (ii) that the Plaintiff's illness is causing "trouble keeping up with his case"; (iii) that the Plaintiff was in transit without access to his legal materials for a period of 2½ months, arriving at a new facility on April 16, 2008 and not receiving his legal materials until mid-May 2008, and that thereafter, he experienced additional difficulties locating an inmate to assist him; and (iv) that the Plaintiff is attempting to obtain an affidavit from his Public Defender to "verify that Defendant Rios did in fact speak with my attorney . . . about Plaintiff's medical issues." Thus, the Plaintiff requested that the Court "grant him leave to proceed with a belated response" to the Motion to Dismiss. It is not clear whether the Plaintiff anticipated filing a substantive response at some point thereafter, or whether he intended the motion to serve as his substantive response to Defendant Rios' motion. The Court

---

[2]It is not clear whether this argument is directed at any purported official capacity claim asserted against Defendant Rios – none appears in the Complaint – or an attempt to dismiss the claim against the Federal Bureau of Prisons, named in the caption but not expressly in the body of the Complaint.

notes, however, that several months have passed since the Plaintiff's motion, and the Plaintiff has not attempted to file any additional substantive response.[3]

## ANALYSIS

### A.  Standard of review

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-plead allegations in the Complaint as true and view those allegations in the light most favorable to the nonmoving party.  *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001), *quoting Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  The Complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Benefield v. McDowall,* 241 F.3d 1267, 1270 (10th Cir. 2001); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).  The Court must limit its review to the four corners of the Complaint.  *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001)

In considering the Plaintiff's filings, the Court is mindful of his *pro se* status, and accordingly, reads his pleadings liberally.  *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).  However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the Plaintiff's use of legal terminology and proper English.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  *Pro se* status does not relieve the Plaintiff of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Plaintiff

---

[3]To the extent the Plaintiff intends to have his motion serve as a substantive response to the motion to dismiss, it is granted.  To the extent he seeks leave to file a substantive response beyond that contained in the motion, the request is denied as moot.

according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

### B. Sufficiency of the Complaint

To allege an 8th Amendment claim premised upon deliberate indifference to his medical needs, the Plaintiff must assert: (i) a sufficiently serious deprivation of medical care; and (ii) that the defendant responsible for the deprivation acted with a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). As to the first issue, there can be little doubt that the Plaintiff's allegation that being deprived of the proper treatment has caused irreparable damage to his liver and endangered his life is sufficient to state a "sufficiently serious" deprivation of medical care. *Erickson v. Pardus*, 127 S.Ct. 2197, 2199 (2007) (assertion that denial of treatment is "endangering [plaintiff's] life" and causing "continued damage to [his] liver" sufficient to plead serious harm).

A defendant acts with a culpable state of mind under the 8th Amendment when that defendant engages in the "unnecessary and wanton infliction of pain." *Farmer*, 511 U.S. at 834. Most commonly, this occurs when a defendant demonstrates "deliberate indifference" to the plaintiff's medical needs. *Id.* "Deliberate indifference" is a state of mind more blameworthy than negligence," but it is "something less than acts or omissions for the very purposes of causing harm or with knowledge that harm will result." *Id.* at 835. Rather, it is a state of mind akin to recklessness, and occurs when the defendant "knows of and disregards an excessive risk to [the] inmate['s] health or safety." *Id.* at 837.

The requirement is one that examines both the objective and subjective perception of the defendant, as he "must both be aware of facts from which the inference could be drawn that a

substantial risk of harm exists," and "he must also draw that inference." *Id.* at 837. Thus, a situation in which the defendant "should have perceived" the risk "but did not" will not be actionable. *Id.* at 838. In other words, the inmate must allege that the defendant "consciously disregarded" the risk of harm. *Id.* at 839.

With these standards in mind, the Court turns to the particular allegations in the Plaintiff's Complaint. The Plaintiff contends that "Warden Rios had knowledge of [the Plaintiff's] medical condition" at the point "when Dr. Polland denied the Plaintiff the court requested [treatment]."

Whether this is sufficient to plead the objective portion of the deliberate indifference element is an interesting question. On the one hand, a doctor or individual with some medical knowledge might be capable of drawing an inference from knowledge of the Plaintiff's condition that a substantial risk of harm exists if the treatment the Plaintiff sought was not provided; on the other hand, it is by no means clear that a layperson would know that. The Complaint does not indicate that Defendant Rios has medical training or experience, or otherwise indicate an objective basis for assuming that Defendant Rios would be knowledgeable about his disease and the magnitude of the risks of improper treatment. Allegations of facts of this nature would be necessary to adequately plead the claim against Defendant Rios.

More importantly, the Plaintiff does not allege facts that would show that Defendant Rios was <u>consciously</u> aware of the magnitude of the risk of harm faced by the Plaintiff if he did not receive treatment. As stated above, the Plaintiff must allege not only that Defendant Rios had sufficient medical knowledge to appreciate the risks that lack of treatment posed to someone in the Plaintiff's position, but that he actually contemplated that risk and deliberately chose not to act. In this regard, the Complaint is clearly deficient. The Plaintiff alleges that Defendant Rios

"was in a supervisory position" over Defendant Polland, that he "had knowledge of [the Plaintiff's] condition," and "could have" done various things to insure that the Plaintiff received adequate treatment, but these are insufficient to assert that Defendant Rios <u>actually</u> considered the risk of harm faced by the Plaintiff and chose not to act. Accordingly, the Plaintiff has failed to adequately plead a deliberate indifference claim against Defendant Rios.

Because the Court intends to give the Plaintiff leave to replead his claim as against Defendant Rios, the Court proceeds to examine one other issue in an effort to prevent the need for additional motion practice. The Plaintiff cannot assert a claim against Defendant Rios simply because Defendant Rios had supervisory authority over Defendant Polland, or because Defendant Rios was negligent in his supervision of Defendant Polland; rather, the Plaintiff must allege that Defendant Rios was "personally involved" in the decision to withhold treatment. *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006). There are also a handful of theories under which an individual with supervisory authority can be held liable for a constitutional violation without directly and personally participating in it. *See generally Turner v. Schultz*, 130 F.Supp.2d 1216, 1226 (D. Colo. 2001). For example, if Defendant Rios was responsible for training Defendant Polland, a cause of action against Defendant Rios for failure to train may be justified if that failure to train was so "complete" that "future misconduct [was] almost inevitable." *Id. citing Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir.1992). Or, if it can be shown that Defendant Rios specifically knew that Defendant Polland was engaging in unconstitutional conduct, and despite that knowledge, Defendant Rios failed to take action to cease the constitutional violation and prevent future harm, a claim may lie. *Id.*, *citing Anthony v. Baker*, 767 F.2d 657, 666 (10th Cir.1985).

Accordingly, the Court grants Defendant Rios' Motion to Dismiss. However, the Court

would err if it did not also grant leave to the Plaintiff to amend his Complaint to attempt to plead a cognizable claim against Defendant Rios (assuming it is possible to do so within the bounds of Fed. R. Civ. P. 11(b)). Within 30 days of the date of this Order, the Plaintiff may file an Amended Complaint that adequately pleads a claim against Defendant Rios. If no such Amended Complaint is filed within that time, the claim against Defendant Rios will be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Rios' Motion to Dismiss **(# 28)** is **GRANTED**, and the Plaintiff shall file an Amended Complaint within 30 days of the date of this Order alleging a cognizable claim against Defendant Rios; barring that, the claim against Defendant Rios will be dismissed. The Plaintiff's "Motion For Leave to Proceed With Belated Response" **(# 57)** is **GRANTED IN PART**, insofar as the Court has treated it as a substantive response to Defendant Rios' Motion to Dismiss, and **DENIED IN PART** as moot, to the extent it seeks leave to submit an additional substantive reply. The Clerk of the Court shall modify the docket to reflect that Defendant Polland is an active party in this case, and the United States Marshal shall attempt to serve Defendant Polland at the address in the Complaint within 30 days of the date of this Order.

Dated this 8th day of August, 2008

BY THE COURT:

_Marcia S. Krieger_
_____

Marcia S. Krieger
United States District Judge