IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00868-MSK-KMT

SHANE RANDY WATSON,

      Plaintiff,

v.

DR. CALVIN POLLAND,
WARDEN H.A. RIOS, JR.,
DELBERT G. SAUERS,
CHRIS LAMB, and
FEDERAL BUREAU OF PRISONS,

      Defendants.

---

## OPINION AND ORDER GRANTING MOTION TO DISMISS AND ORDERING PLAINTIFF TO SHOW CAUSE

---

**THIS MATTER** comes before the Court pursuant to a Motion to Dismiss by Defendants Rios and the Federal Bureau of Prisons[1] (**# 89**), filed on November 20, 2008.  No responsive papers have been filed by the Plaintiff.

---

[1]The docket contains a return of service upon Defendant Rios and upon the United States Attorney, which the Court construes as being sufficient to reflect service upon the Federal Bureau of Prisons.

The docket contains an unexecuted return of service (**# 20**) addressed to "National Designation Officer"; the original Complaint did not identify this Defendant further, although the Amended Complaint appears to indicate that Defendant Sauers bears the similar title of "Chief Designation Officer."  The unexecuted return indicates that "This position no longer exists [in Florence, Colorado].  Moved to Grand Prairie, Tx."

There is no return of service in the docket, executed or otherwise, referring to Defendant Lamb or his title of Chief Medical Designator.

## **FACTS**

According to the *pro se* Amended Complaint (**# 82)**, the Plaintiff, Mr. Watson is an inmate of the United States Bureau of Prisons ("BOP").  Mr. Watson suffers from a number of ailments, including cirrhosis of the liver and Hepatitis C, among others.  He alleges that at the time his prison sentence was imposed, it was understood by the sentencing judge that he would be eligible to receive Interferon-Ribaviran treatment for his condition while in BOP custody. Mr. Watson contends that, when he was assigned to a BOP facility in Florence, Colorado, Defendant Polland, the prison physician, refused to provide him with Interferon-Ribaviran treatment based on the false assertion that Mr. Watson  "suffers from depression due to being an I.V. drug user and 'allegedly' suffered a myocardial infarction."  He alleges that Defendants Rios, Sauers, and Lamb were also involved in the deprivation of this treatment, insofar as each of them had communications with Mr. Watson, his public defender, and the U.S. Marshal's service regarding Mr. Watson's need for treatment, and yet failed to ensure that such treatment was provided.

Mr. Watson contends that the denial of this treatment violates the terms of his plea agreement, "making his guilty plea, in effect, invalid."  In addition, he alleges that the denial of treatment constitutes a violation of his right to be free of cruel and unusual punishment under the 5th and 8th Amendments to the United States Constitution.  He appears to assert *Bivens* claims premised on violations of his constitutional rights, a claim under an unspecified provision of the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.,* and a claim under the Federal Tort Claims Act.

The Defendants move (**# 89)** to dismiss Mr. Watson's Amended Complaint, arguing: (i)

2

to the extent Mr. Watson purports to assert *Bivens* claims against Defendant Rios in an official capacity or against the BOP itself, the Court lacks subject matter jurisdiction over such claims; (ii) Mr. Watson's allegations of an 8th Amendment violation against Defendant Rios in an individual capacity fail to state a claim; (iii) to the extent that Mr. Watson is asserting a violation of his plea agreement, such a claim is barred by *Heck v. Humprey*, 512 U.S. 477 (1994); (iv) to the extent that Mr. Watson asserts a claim under the Americans With Disabilities Act, such a claim is not cognizable against the BOP on sovereign immunity grounds and is not cognizable against Defendant Rios in an individual capacity because individual liability under that statute is limited to "employers"; (iv) Defendant Rios is entitled to qualified immunity; and (v) to the extent a Federal Tort Claims Act claim is asserted, that Mr. Watson has failed to exhaust his available administrative remedies.

The Certificate of Service accompanying the Motion to Dismiss indicates that the Defendants served a copy on Mr. Watson at his current address of record in Terre Haute, Indiana.  The time provided in D.C. Colo. L. Civ. R. 7.1(C) for filing a response has elapsed, and Mr. Watson has filed no responsive papers.  Accordingly, the Court deems Mr. Watson to have waived the opportunity to be heard in response to the motion.

## ANALYSIS

### A.  Standard of review

In considering Mr. Watson's filings, the Court is mindful of his *pro se* status, and accordingly, reads his pleadings liberally.  *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in Mr. Watson's use of legal terminology and proper English.  *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Mr. Watson of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat Mr. Watson according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

### B. Defendants' arguments

#### 1. Official capacity claims

Mr. Watson's Amended Complaint asserts that his claims against Defendant Rios are asserted "in his personal and professional capacity" as Warden of the BOP facility in Florence, Colorado.

The conceptual difference between these individual and official capacity claims are often misunderstood. In *Kentucky v. Graham*, 473 U.S. 159, 165 (1985), the Supreme Court explained that an "official capacity" suit is simply an alternative way of pleading a claim against the entity employing the official. The real party in interest is not the named defendant, but instead is the entity employing him or her, and indeed, when the named defendant leaves the office he or she occupies, the defendant's successor automatically assumes his or her predecessor's role in the litigation. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). By contrast, an individual capacity suit names the individual defendant as the real party in interest, and seeks relief against the individual for his or her own conduct. *Id.* at 27. Contrary to common misconception, the individual/official-capacity designation does not turn on what capacity (as an official or as an individual, or within or outside the scope of employment) the individual was acting in when the challenged action

occurred. *Id.* at 27-28. For example, an individual admittedly acting within the scope of his or her employment may still be subject to an individual capacity suit. *Id.* Because an official capacity claim is actually asserted against an entity, not an individual, cognizable official capacity claims generally involve requests for prospective injunctive relief to be performed by the entity.

Here, although Mr. Watson purports to assert claims against Defendant Rios in his official capacity, such a claim is misplaced. An official capacity claim against Defendant Rios is, in essence, a claim against the BOP facility in Florence, Colorado. Mr. Watson is no longer incarcerated in that facility, and was not at the time of the filing of the Amended Complaint. Thus, a claim that is asserted against the Florence, Colorado facility would be subject to dismissal on mootness grounds, among other things. Moreover, Mr. Watson's allegations against Defendant Rios make clear that Mr. Watson is complaining of particular acts taken by Defendant Rios as an individual, not acts that could be attributed to any subsequent Warden at the Florence facility.[2]   In any event, the Defendants are correct that *Bivens* claims cannot be asserted against federal employees in their individual capacities. *Smith v. U.S.*, 561 F.3d 1090, 1099 (10th Cir. 2009). Thus, to the extent that Mr. Watson purports to assert *Bivens* claims against Defendant Rios in his official capacity, those claims are dismissed.

Similarly, the Court agrees with the Defendants that *Bivens* claims cannot be asserted against federal agencies. *Smith*, 561 F.3d at 1099. Thus, to the extent that Mr. Watson asserts *Bivens* claims against the BOP, those claims are dismissed.

_____

[2]This is a particularly important defect, in that the Defendants assert that Defendant Rios is no longer the Warden at the Florence facility, and thus, by operation of law, any official capacity claim against him would be deemed a claim against his successor at Florence.

2.  8th Amendment claim

The only cognizable *Bivens* claim that Mr. Watson can assert against the moving Defendants is an 8th Amendment claim against Defendant Rios in his individual capacity.  To allege an 8th Amendment claim predicated on deliberate indifference to a serious medical need, Mr. Watson must allege: (i) that he suffered from a serious medical need; (ii) that he was denied treatment for that serious medical need; and (iii) that the denial of treatment occurred in circumstances evidencing the defendant's deliberate indifference.  *See e.g. Ajaj v. U.S.*, 293 Fed.Appx., 575, 578 (10th Cir. 2008) (unpublished), *citing Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir.2005).  In addition, because *Bivens* liability is individual in nature,  Mr. Watson must also allege facts that would show an affirmative link between Defendant Rios and the decision to deny Interferon treatment.  *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008) (§ 1983 context).

There can be little doubt that Mr. Watson has adequately alleged that he suffered from a serious medical need for treatment for his cirrhosis and Hepatitis C.  A medical need is "serious" if, among other things, it has been diagnosed by a physician as mandating treatment, and Mr. Watson has alleged that his need for Interferon treatment was an issue that predated (and affected) his sentencing.  *Ajaj*, 293 Fed.Appx. at 579, *citing Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996); *see Docket* # 82, ¶ 9 (sentence was "made with the understanding he would receive the 48 week Interferon-Ribaviran treatment").  Moreover, Mr. Watson has alleged that he was denied the Interferon treatment while at Florence, and that Defendant Rios was aware of that fact.  *Docket* # 82, ¶ 9 ("The Federal Public Defendant, U.S. Marshal Office, and Federal Judge Michael R. Hogan all engaged in extensive dialog and correspondence with

6

defendants Polland and Rios Jr. regarding the need for the Interferon-Ribaviran treatment." )

However, the Amended Complaint is deficient in alleging Defendant Rios' subjective state of mind.  Mr. Watson must allege facts that would show that Defendant Rios knew of and consciously disregarded the risk of harm that would result from the denial of treatment.  *Mata*, 427 F.3d at 751 ("the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and she must also draw that inference").  However, the fact that medical practitioners disagree as to whether a particular course of treatment is appropriate does not suffice to demonstrate deliberate indifference by the practitioner withholding treatment, nor does the negligent delivery of responsive medical treatment.  *Duffield*, 545 F.3d at 1238 ("A prison doctor's negligent diagnosis or treatment of a medical condition does not constitute a medical wrong under the Eighth Amendment"); *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999).

The Amended Complaint alleges that Defendant Polland, the Florence facility's medical officer, examined Mr. Watson's records and concluded that Interferon treatment was contraindicated because of Mr. Watson's other medical conditions – namely, a prior heart attack and a history of depression.  *Docket* # 82, ¶ 8.  Although Mr. Watson contends that Defendant Polland's opinions were misplaced for a variety of reasons (*e.g.* that the prior diagnosis of a heart attack was in error and that Defendant Polland is not qualified by his training to assess the need for Interferon treatment), Mr. Watson's own allegations reveal that the treatment was denied not based on a simple conscious disregard for his medical needs, but based on a disagreement between medical practitioners as to the appropriate treatment for Mr. Watson's condition.  No 8th

7

Amendment claim may lie in these circumstances.[3]

Accordingly, the Court finds that Mr. Watson has failed to allege a *Bivens* claim sounding in the 8th Amendment as against Defendant Rios in his individual capacity, requiring dismissal of that claim pursuant to Fed. R. Civ. P. 12(b)(6).  Although the Court has some doubt that, on the set of facts described herein, Mr. Watson can ever plead a cognizable claim against Defendant Rios, the Court will stay the dismissal of the *Bivens* claim for a period of 30 days to permit Mr. Watson to file a Second Amended Complaint that adequately pleads an 8th Amendment claim against Defendant Rios.[4]  The failure of Mr. Watson to timely file a Second Amended Complaint will result in dismissal of this claim with prejudice.

3. <u>Americans With Disabilities Act claim</u>

State and local prisons are required to comply with Title II of the Americans With Disabilities Act, which requires that disabled individuals not be discriminated against in the furnishing of public accommodations and services.  *See Robertson v. Las Animas County Sheriff's Dept.*, 500 F.3d 1185, 1193 (10th Cir. 2007), *citing Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998).  However, the Act does not purport to waive the federal government's

---

[3]Moreover, Mr. Watson alleges no facts that would implicate Defendant Rios' state of mind.  The Amended Complaint gives no indication that Defendant Rios has medical training or was otherwise able to independently judge Defendant Polland's conclusions.  The only reasonable inference to be drawn from the Amended Complaint is that Defendant Rios, as Warden of the Florence facility, relied upon the opinion of the facility's medical officer that Interferon treatment was not appropriate for Mr. Watson.  Absent factual averments by Mr. Watson that would show that, Defendant Polland's opinions notwithstanding, Defendant Rios <u>himself</u> subjectively believed that it was medically appropriate to supply Mr. Watson with Interferon treatment, Mr. Watson has failed to adequately allege Defendant Rios' cuplable state of mind.

[4]The Court notes that Mr. Watson is not granted leave to attempt to replead any claim other than the individual capacity 8th Amendment claim against Defendant Rios.

sovereign immunity for disability claims.  *Agee v. U.S.*, 72 Fed. Cl. 284, 289 (Fed. Cl. 2006);

there does not appear to be any waiver of the United States' sovereign immunity  In any event,

the failure to provide medical treatment to a disabled prisoner does not constitute a violation of

Title II of the Americans With Disabilities Act.  *See Rashad v. Doughty*, 4 Fed.Appx. 558, 560

(10th Cir. 2001) (unpublished) *and cases cited therein.*  Thus, any claim against the BOP and/or

Defendant Rios in his official capacity pursuant to the Act must be dismissed.

 To the extent that Mr. Watson seeks to assert a claim under the Act against Defendant

Rios in his individual capacity, the claim is not cognizable.  A public official cannot be held

liable in an individual capacity for a violation of Title II of the Act.  *Montez v. Romer*, 32

F.Supp.2d 1235, 1240-41 (D. Colo. 1999).  Accordingly, Mr. Watson's Americans With

Disabilities Act claim is dismissed in its entirety.

    4. <u>Federal Tort Claims Act claim</u>

 The Defendants assert that  Mr. Watson has failed to exhaust any claim asserted under

the Federal Tort Claims Act.  Under the Federal Tort Claims Act, "[a]n action shall not be

instituted upon a claim against the United States for money damages . . . unless the claimant

shall have first presented the claim to the appropriate Federal agency and his claim shall have

been finally denied by the agency in writing."  28 U.S.C. § 2675; *McNeil v. U.S.*, 508 U.S. 106,

113 (1993) (failure to exhaust requires dismissal).  Any attempt to exhaust such a claim requires,

at a minimum, "a written statement sufficiently describing the injury to enable the agency to

begin its own investigation" and a "sum certain damages claim."  28 U.S.C. § 2675(a), (b); *see*

*Coffman v. U.S.*, 270 Fed.Appx. 7444, 746 (10th Cir. 2008) (unpublished).  The Court has

reviewed all of the various grievances and other materials demonstrating exhaustion attached to

both the original and Amended Complaint, and finds nothing therein in which Mr. Watson made

a demand for a specific sum of damages.  Accordingly, the Court finds that Mr. Watson failed to

exhaust his Federal Tort Claims Act claim as required by the statute, and that claim is dismissed.

### C.  Additional matters

As discussed above, service of process has been effected on only two of the named

Defendants in this action.  Fed. R. Civ. P. 4(m) requires that service be made within 120 days of

the filing of the complaint, and further requires the Court to consider dismissal of claims against

defendants who are not timely served.

The claims against Defendant Polland have been pending since the original inception of

this case – a span of more than 2 years – without service.  The claims against Defendants Sauers

and Lamb, to the extent the Court deems them to have been first interposed in the Amended

Complaint,[5] have been pending since September 19, 2008, a period of more than 7 months,

without service.  Although Mr. Watson proceeds *in forma pauperis* and is entitled to have the

United States Marshal undertake the specific act of serving the Defendants, 28 U.S.C. § 1915(d),

Mr. Watson may not sit idly by and expect the Marshal to initiate required service of process and

independently locate the defendants. *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) ("a

plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a

plaintiff should request service upon the appropriate defendant and attempt to remedy any

apparent service defects of which he has knowledge").  Here, the burden is on Mr. Watson to

determine a location where Defendants Polland, Lamb, and Sauers may be served, to supply

_____

[5]Mr. Watson's original Complaint asserted claims against Defendants Sauers and Lamb through their titles of "National Designation Officer" and "Regional Designation Officer."  The Amended Complaint substituted specific individuals for those titles.

those locations to the Marshal, and to follow up with the Marshal should the initial information be shown to be incorrect. *See e.g. Docket* # 20 (advising Mr. Watson that attempted service on "National Designation Officer" at a Florence, Colorado address had failed).

Accordingly, within 30 days of the date of this Order, Mr. Watson shall effectuate service upon Defendants Polland, Sauers, and Lamb; shall show good cause for a further extension of time to complete such service (and shall, in doing so, demonstrate diligent efforts to locate and effectuate such service); or shall otherwise show cause why the claims against these Defendants should not be dismissed pursuant to Fed. R. Civ. P. 12(m).

## CONCLUSION

For the foregoing reasons, Defendant Rios and BOP's Motion to Dismiss **(# 89)** is **GRANTED**. All of the claims in the Amended Complaint against these Defendants are **DISMISSED**. The dismissal of the 8th Amendment *Bivens* claim against Defendant Rios in his individual capacity is **STAYED** for a period of 30 days, in which Mr. Watson may file a Second Amended Complaint that adequately pleads such a claim, failing which the claim shall be dismissed with prejudice; the dismissal of all other claims shall be effective immediately. Within 30 days of the date of this Order, Mr. Watson shall **SHOW CAUSE** why the claims against Defendants Polland, Lamb, and Sauers should not be dismissed for failure to effect timely service

pursuant to Fed. R. Civ. P. 4(m).

Dated this 8th day of May, 2009

BY THE COURT:

Marcia S. Krieger
United States District Judge